Oleg Elkhunovich (269238)
oelkhunovich@SusmanGodfrey.com
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

Stephen Shackelford, Jr. (*to seek pro hac vice*)
Steven M. Shepard (*to seek pro hac vice*)
Amy B. Gregory (*to seek pro hac vice*)
Shauli Bar-On (356650)
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
sshackelford@susmangodfrey.com
sshepard@susmangodfrey.com
agregory@susmangodfrey.com
sbar-on@susmangodfrey.com

*Attorneys for Relator Verity Investigations, LLC*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* VERITY INVESTIGATIONS, LLC<br><br>        *Plaintiff Relator*,<br>vs.<br><br>E&B NATURAL RESOURCES MANAGEMENT CORPORATION<br><br>        *Defendant*. | Case No. 1:24-cv-00928-CDB<br><br>**MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>**Date: July 6, 2026**<br>**Time: 10:30 AM PT**<br>**Location: Courtroom 200**<br>**Judge: Magistrate Judge Christopher D. Baker** |

14514511v1/018132

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that on July 6, 2026, or as soon thereafter as this motion may be heard, before **Magistrate Judge Christopher D. Baker** of the United States District Court, for the Eastern District of California, located at Bakersfield Federal Courthouse, 510 19th Street, Suite 200, Bakersfield, CA  93301, Relator Verity Investigations, LLC respectfully moves the Court under Federal Rule of Civil Procedure 15(a)(2) for leave to file a Second Amended Complaint against Defendant E&B Natural Resources Management Corporation.

This Motion is based on the Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, and such other matters as may be presented at or before the hearing.

On May 7 and 12, 2026, counsel for Relator and E&B conferred regarding the substance of this motion. E&B is opposed to Relator's requested relief.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.       Introduction

Relator Verity Investigations, LLC ("Relator") respectfully moves for leave to file a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). Attached as Exhibit 1 is the proposed Second Amended Complaint and attached as Exhibit 2 is a redline comparison to Relator's operative First Amended Complaint.

Leave to amend Relator's pleading is warranted under the "extreme liberality" with which courts should apply Rule 15(a)(2). *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).  The proposed amendments supplement Relator's existing False Claims Act ("FCA") claims with additional factual allegations addressing the elements of falsity, scienter, and further explaining Relator's third cause of action for a so-called "reverse" false claim.

The Court should grant the motion because Defendant E&B Natural Resources Management Corporation ("E&B") cannot demonstrate the type of "undue prejudice" warranting denial of leave to amend. Because this litigation is in its early stages, discovery has not commenced, and the Court has not entered a scheduling order, amendment poses no undue prejudice to E&B.

---

1

MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

14514511v1/018132

The three other relevant factors—the timeliness of amendment, Relator's good faith, and lack of futility—weigh in favor of granting leave to amend.

## II. Background

Relator filed the original Complaint in this FCA action on August 9, 2024. *See* ECF No. 1. The Complaint alleges that E&B falsely certified to the Small Business Administration ("SBA") that it and its affiliates had fewer than 300 employees in order to obtain a loan through the SBA's Paycheck Protection Program ("PPP"). *Id.* ¶¶ 5, 58. The PPP was created near the start of the COVID-19 epidemic to provide loans to small businesses. *Id.* ¶ 2. As a direct result of E&B's false certification to the SBA, E&B obtained a loan of $2 million, which was later forgiven. *Id.* ¶¶ 5, 58-64. Because the FCA provides for treble damages, E&B is liable to pay the federal government more than $6 million.

Pursuant to the False Claims Act, Relator's *qui tam* complaint remained under seal while the Government investigated. *See* 31 U.S.C. § 3730(b)(2). On January 6, 2026, the Government declined to intervene in this action, and the Court unsealed the case. *See* ECF No. 26.

On February 3, 2026, Relator filed a First Amended Complaint "as a matter of course" pursuant to Federal Rule of Civil Procedure 15(a)(1). ECF No. 30. Following service on E&B, the parties jointly stipulated to multiple extensions of E&B's deadline to respond to the First Amended Complaint to engage in informal discovery and early settlement discussions. *See* ECF Nos. 34, 36, 38 (Motions for Extension of Time to Respond).

On May 7, 2026, during a videoconference meet and confer, counsel for E&B informed Relator that E&B planned to move to dismiss the First Amended Complaint on the following grounds: (1) Relator failed to adequately allege falsity under Rule 9(b)'s heightened pleading standard; (2) Relator failed to adequately allege scienter; and (3) Relator's third cause of action is redundant and fails to state a claim on which relief can be granted. Declaration of Steven M. Shepard in Support of Motion to for Leave to amend ("Shepard Decl.") ¶ 2. Four days later, counsel updated Relator that E&B planned to add an additional argument for dismissal: (4) Relator's FCA claims cannot proceed under the public disclosure bar. *Id.* ¶ 3. That same day, Relator's counsel responded that Relator intended to file a Second Amended Complaint to address the pleading issues

MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
14514511v1/018132

raised by E&B during the May 7 meet and confer, and suggested that E&B postpone filing its motion to dismiss until after Relator filed its Second Amended Complaint. *Id.* ¶ 4.

On May 12, 2026, the parties had a telephonic meet and confer. *Id.* ¶ 5. E&B opposed Relator's request to file a Second Amended Complaint and refused to wait to file its Motion to Dismiss to consider Relator's proposed amended pleading. *Id.* E&B filed its Motion to Dismiss on May 15, 2026. *See* ECF No. 40. Relator's opposition to the Motion to Dismiss is due June 5, 2026 and E&B's reply brief is due June 22, 2026. *See* ECF No. 46.

**III.    Argument**

Under Federal Rule of Civil Procedure 15, "[t]he court should freely give leave" to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court offered the following factors a district court should consider in deciding whether to grant leave to amend: (1) "undue prejudice to the opposing party"; (2) "undue delay"; (3) "bad faith or dilatory motive on the part of the movant"; and (4) "futility of amendment." Each *Forman* factor weighs in favor of granting Relator's request for leave to amend.

**A.    <u>E&B Faces No Undue Prejudice from Amendment</u>**

"Prejudice is the touchstone of the inquiry under rule 15(a)." *Eminence Capital*, 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

Relator's request to file a Second Amended Complaint would not cause "undue prejudice" to E&B. "Prejudice is generally mitigated where the case is still in the discovery stage, no trial date is pending and no pretrial conference has occurred." *Pizana v. SanMedica Int'l LLC*, 345 F.R.D. 469, 483 (E.D. Cal. 2022). This litigation is in early stages, discovery has not yet begun, and the Court has not set a trial date. The Court will not hold a Scheduling Conference until August 27, 2026. *See* ECF No. 43 (Minute Order continuing Scheduling Conference). And Relator's proposed amendment neither adds new claims, new parties, new theories of fraud, nor any expanded claims for additional damages. Rather, the Second Amended Complaint includes additional factual

allegations relevant to, and explanations of, Relator's existing claims. *See* Exhibit 2 (Redlined Second Amended Complaint). Permitting this amendment will streamline the case by obviating (or at the very least, simplifying) the Court's consideration of the pending Motion to Dismiss.

Courts routinely find no undue prejudice from amended pleadings when discovery has not yet begun. *See, e.g.*, *Tibrio, LLC v. Flex Mktg., LLC*, 2023 WL 8358551, at *2 (S.D. Cal. Dec. 1, 2023) (granting leave to amend pleadings because "discovery has not yet begun"); *Commonwealth Land Title Ins. Co. v. Iota Indigo, LLC*, 2014 WL 202398, at *2 (D. Nev. Jan. 14, 2014) (finding defendant "will not be prejudiced by the amendment because the parties are in the early stages of litigation, discovery has not yet commenced and this is Plaintiffs first request for leave to amend the Complaint").

The only conceivable prejudice that E&B faces is that E&B has already filed its Motion to Dismiss Relator's First Amended Complaint and, if the instant motion were granted, it is likely that the Court would deny that pending Motion to Dismiss as moot and without prejudice to re-file a Motion to Dismiss the Second Amended Complaint. But that minimal prejudice is of E&B's own making. On May 11, 2026, following a meet and confer on E&B's Motion to Dismiss, Relator told E&B that Relator will seek leave to amend its complaint under Rule 15(a)(2) in order to address several of E&B's arguments for dismissal. Shepard Decl. ¶ 4. Specifically, the Second Amended Complaint adds allegations supporting the elements of falsity and scienter and adds additional explanations of, and legal citations relevant to, Relator's third cause of action for a "reverse" false claim. E&B refused to consider Relator's amended pleading and proceeded to file its Motion to Dismiss a few days later. Shepard Decl. ¶ 5; ECF No. 40 (Motion to Dismiss). If E&B had waited for Relator's proposed Second Amended Complaint, it could have avoided the expense of briefing a Motion to Dismiss Relator's First Amended Complaint.

In any event, a pending motion to dismiss is insufficient to establish undue prejudice. In *Lowe v. San Joaquin Cnty.*, the Court granted plaintiff's motion for leave to file a second amended complaint and found "defendants fail[ed] to show they are prejudiced by plaintiff seeking leave to amend while their motion to dismiss is pending where the court fully considers their motion to dismiss." 2026 WL 482750, at *6 (E.D. Cal. Feb. 20, 2026), *report and recommendation adopted*,

MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

14514511v1/018132

2026 WL 1023390 (E.D. Cal. Apr. 14, 2026). Other district courts agree that a fully briefed motion to dismiss or the need to file a new motion to dismiss do not rise to level of undue prejudice. *See, e.g.*, *Brandon v. Vascular Access Certification Corp.*, 2025 WL 3481814, at *6 (D. Ariz. Dec. 4, 2025) (concluding "the fact that the Motion to Amend was filed while a fully briefed motion to dismiss was pending is not a basis for the Court to find prejudice here"); *Abramson v. Marriott Ownership Resorts, Inc.*, 2015 WL 12910905, at *3 (C.D. Cal. Sept. 21, 2015) (holding "prejudice arising from such things as the time spent to file a new motion to dismiss" does not warrant denying the motion for leave to amend pleadings).

The only prejudice E&B faces from Relator's Second Amended Complaint is the expense of refiling its Motion to Dismiss to address Relator's additional allegations—a problem created by E&B's rushed Motion to Dismiss filing. E&B cannot now use this self-manufactured harm to prevent Relator from amending its pleading under the "extreme liberality" of Rule 15(a)(2). *Eminence*, 316 F.3d at 1051.

**B.**     **Relator's Proposed Second Amended Complaint Is Timely, Made in Good Faith, and Not Futile**

Each of the remaining *Forman* factors weighs in favor of granting Relator leave to file a Second Amended Complaint.

*Undue Delay*. Relator's motion to amend is timely. Relator seeks leave to amend within eight business days of E&B's Motion to Dismiss and before commencement of discovery. There can be no undue delay when, as here, "litigation is still quite new." *Gaines v. Humana, Inc.*, 2009 WL 10673206, at *5 (C.D. Cal. Nov. 3, 2009).

*Absence of Bad Faith*. Relator files this motion to amend in good faith. Bad faith means "acting with intent to deceive, harass, mislead, delay, or disrupt." *Impossible Foods Inc. v. Impossible LLC*, 2025 WL 712817, at *5 (N.D. Cal. Mar. 4, 2025). Relator seeks leave to amend to bolster the allegations in its pleading. Nothing in these amendments suggests Relator is seeking to deceive, harass, mislead, delay, or disrupt this litigation.

*Futility*. Futility counsels denying leave to amend "only if no set of facts can be proved under the amendment to the pleadings" that would constitute a valid and sufficient claim or defense.

MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
14514511v1/018132

*Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018). "[D]enial of leave to amend on futility grounds is 'rare.'" *Smallwood v. Dep't of Veterans Affs.*, 2026 WL 472986, at *3 (E.D. Cal. Feb. 19, 2026) (Baker, M.J.). This is not one of those rare cases. As Relator will argue in its forthcoming opposition to E&B's Motion to Dismiss, Relator's First Amended Complaint satisfies the pleading requirements of Federal Rules of Civil Procedure 8 and 9(b). If there were any doubt, the proposed Second Amended Complaint provides additional allegations to adequately state Relator's FCA claims. *See* Exhibit 2 (Redlined Second Amended Complaint).

E&B's argument that the public disclosure bar requires dismissal of Relator's pleadings does not change the futility analysis. *See* ECF No. 40 (Motion to Dismiss) at 6–11. "The public disclosure bar is an affirmative defense under" the FCA to be decided on the merits. *United States ex rel. Turner v. Dynamic Med. Sys., LLC*, 2022 WL 20804350, at *8 (E.D. Cal. Jan. 24, 2022). "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Banner Life Ins. Co. v. Rocha*, 2025 WL 2719699, at *3 (E.D. Cal. Sept. 24, 2025) (Baker, M.J.); *see also Williams v. Newsom*, 2021 WL 3708722, at *1 (E.D. Cal. Aug. 20, 2021), *report and recommendation adopted*, 2021 WL 5853276 (E.D. Cal. Dec. 9, 2021) ("[G]enerally, courts should defer challenges to the merits of amendments until after the amendments are accepted and filed."). Relator has a strong argument that public disclosure bar is inapplicable, but this Motion to Amend is not the appropriate forum to litigate that issue. E&B can challenge the adequacy of Relator's pleading on a motion to dismiss. That challenge is not a reason to deny Relator leave to amend.

## IV.    Conclusion

Relator respectfully requests the Court grant this motion and enter an order permitting Relator to file a Second Amended Complaint.

Dated: May 28, 2026

**SUSMAN GODFREY L.L.P.**

By:  */s/ Oleg Elkhunovich*

Oleg Elkhunovich (269238)
oelkhunovich@SusmanGodfrey.com
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400

MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
14514511v1/018132

Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

Stephen Shackelford, Jr. (*to seek pro hac vice*)
Steven M. Shepard (*to seek pro hac vice*)
Amy B. Gregory (*to seek pro hac vice*)
Shauli Bar-On (356650)
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
sshackelford@susmangodfrey.com
sshepard@susmangodfrey.com
agregory@susmangodfrey.com
sbar-on@susmangodfrey.com

*Attorneys for Relator Verity Investigations, LLC*

---

7

MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

14514511v1/018132