MATTHEW D. SEGAL, Bar No. 190938
matthew.segal@stoel.com
STOEL RIVES LLP
500 Capitol Mall, Suite 1600
Sacramento, CA  95814
Telephone:  916.447.0700
Facsimile:  8916.447.4781

JACOB C. GOLDBERG, Bar No. 310862
jacob.goldberg@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  503.224.3380
Facsimile:  503.220.2480

*Attorneys for Defendant*
E&B NATURAL RESOURCES MANAGEMENT
CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. VERITY INVESTIGATIONS, LLC,<br><br>Plaintiff Relator,<br><br>v.<br><br>E&B NATURAL RESOURCES MANAGEMENT CORPORATION,<br><br>Defendant. | Case No. 1:24-cv-00928-CDB<br><br>**JOINT STATEMENT RE DISCOVERY DISAGREEMENT (DEFENDANT E&B NATURAL RESOURCES MANAGEMENT CORPORATION'S MOTION TO STAY DISCOVERY)**<br><br>Date: July 6, 2026<br>Time: 10:30 a.m.<br>Location: Courtroom 200<br>Judge: Hon. Christopher D. Baker |

## INTRODUCTION

Pursuant to Local Rule 251(c), Relator Verity Investigations, LLC ("Verity" or "Relator") and Defendant E&B Natural Resources Management Corporation ("E&B") submit this Joint Statement in connection with the E&B's Motion to Stay Discovery (Dkt. 56).

## I.    NATURE OF THE ACTION AND THE PENDING DISPOSITIVE MOTIONS

This is a False Claims Act ("FCA") case filed by Relator Verity Investigations, LLC on August 9, 2024. Dkt. 1. The case remained under seal until January 6, 2026. Dkt. 22. Relator served a summons and Relator's First Amended Complaint on Defendant E&B Natural Resources

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT
153282437.2 0056939-00031

-1-

1:24-CV-00928-CDB

Management Corporation ("E&B") on February 17, 2026. Dkt. 33. The parties jointly requested extensions of time for E&B to answer the First Amended Complaint. Dkt. 34, 36, 38. On May 15, 2026, E&B filed a Motion to Dismiss Relator's First Amended Complaint. Dkt. 40. On June 5, 2026, Relator filed an Opposition to the Motion to Dismiss. Dkt. 50. E&B's reply in support of the Motion to Dismiss will be filed on June 22, 2026. *See* Dkt. 46 (Minute Order setting briefing schedule). The Court continued the Scheduling Conference to August 27, 2026. Dkt. 43.

Based on the Parties' consent, Dkt. 42, 44, the District Court has assigned this case to this Court for all purposes. Dkt. 48. The following motions are set for hearing before the Court on July 6, 2026 at 10:30am PT: E&B's Motion to Dismiss (Dkt. 40), Relator's Motion for Leave to File a Second Amended Complaint (Dkt. 50), and E&B's Motion to Stay Discovery (Dkt. 56).

## II.    THE PARTIES' MEET-AND-CONFER EFFORTS

Between May 19, 2026, and June 15, 2026, counsel for both Parties conferred regarding the substance of this motion and other procedural matters related to this case. E&B's position is that discovery should be stayed until the Scheduling Conference set for August 27, 2026. Relator agreed to refrain from serving discovery until the July 6, 2026 hearing but does not agree to a seven-week stay of discovery.  The parties' met and conferred over E&B's request for a stay via email and videoconference and were unable to reach agreement.

The parties have conducted a conference under Federal Rule of Civil Procedure 26(f) and will file a joint scheduling conference statement in compliance the procedures set forth in the Order Setting Mandatory Scheduling Conference. *See* Dkt. 43. The parties have also exchanged documents and communications in settlement discussions pursuant to Federal Rule of Evidence 408.

## III.    THE PARTIES' CONTENTIONS

### A.    Defendant Contends that the Court Should Stay Discovery.

There are two independently sufficient reasons why a stay is appropriate here. First, as Judge Boone has recognized, "California district courts have found that it is proper in FCA cases where a motion to dismiss for failure to plead fraud with particularity is pending to stay discovery until the court has had the opportunity to decide whether the complaint satisfies the heightened

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT                          -2-                          1:24-CV-00928-CDB

153282437.2 0056939-00031

pleading requirements of Rule 9(b)." *United States v. Dynamic Med. Sys., LLC*, No. 1:17-CV-01757-NONE-SAB, 2020 WL 3035219, at *5 (E.D. Cal. June 5, 2020), quoting *United States ex rel Modglin v. DJO Glob. Inc.*, No. CV 12-07152 MMM (JCGX), 2014 WL 12564275, at *2 (C.D. Cal. Feb. 20, 2014). Second, as set forth in E&B's motion to dismiss, a dismissal based on the public disclosure bar is both dispositive of the whole case and capable of resolution without discovery. Even if this were not an FCA case, a stay of discovery would be appropriate.

> **1.      Because this is an FCA Case, the Court Should Stay Discovery Until the Relator Can Demonstrate that it Can Plead with All the Particularity Rule 9(b) Requires.**

The *Modglin* court sets forth succinctly why an FCA relator should not be able to take discovery until that relator can satisfy the heightened pleading standard of Rule 9(b). *See Mogdin*, 2020 WL 3035219 at *2. Rule 9(b)'s heightened pleading standard applies in FCA cases. *Id.*, *citing Cafasso, United States ex rel v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). ¡"[Q]ui tam suits are meant to encourage insiders privy to a fraud on the government to blow the whistle on the crime.' Because 'insiders privy to a fraud on the government' should have adequate knowledge of the wrongdoing at issue, such insiders should be able to comply with Rule 9(b)." *Id.*, *quoting Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001). Rule 9(b) and the FCA work together to accomplish their common purpose, namely to thwart litigants who would file complaints that require discovery before they can be particularized in their allegations of what really are "unknown wrongs." *Id.* Indeed,

> [A]llowing a relator to plead generally at the outset and amend the complaint at the 12(b)(6) stage after discovery would be at odds with the FCA's procedures for filing a qui tam action and its protections for the government.... Other courts have repeatedly refused to allow qui tam relators to rely on later discovery to comply with Rule 9(b)'s pleading requirements.... The reluctance of courts to permit qui tam relators to use discovery to meet the requirements of Rule 9(b) reflects, in part, a concern that a qui tam plaintiff, who has suffered no injury in fact, may be particularly likely to file suit as 'a pretext to uncover unknown wrongs.'

*Modglin*, 2014 WL 12564275, at *2, *quoting United States ex rel. Karvelas v. Melrose-Wakefield Hospital*, 360 F.3d 220, 231 (1st Cir. 2004), *abrogation on other grounds recognized by United States ex rel. Gagne v. City of Worcestor*, 565 F.3d 140 (1st Cir. 2009).

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

JOINT STATEMENT RE DISCOVERY DISAGREEMENT
153282437.2 0056939-00031
-3-
1:24-CV-00928-CDB

Other courts apply this reasoning and stay discovery where FCA claims are alleged. *See United States ex rel. Williams v. Med. Support Los Angeles, Inc.*, No. SACV2000198CBMDFMX, 2021 WL 4816607, at *1 (C.D. Cal. May 7, 2021) ("The idea is that a plaintiff should not be able to use an inadequate complaint to get a foot in the door and discover unknown wrongs."); *United States v. Dynamic Med. Sys., LLC*, No. 1:17-CV-01757-NONE-SAB, 2020 WL 3035219, at *5 (E.D. Cal. June 5, 2020); *United States v. Safran Grp., S.A.*, No. 15CV00746LHKSVK, 2018 WL 11436322, at *2 (N.D. Cal. Sept. 14, 2018) ("The Court held that a stay of discovery was appropriate because Relators should have adequate knowledge of the alleged wrongdoing at issue to comply with the pleading requirements of Rule 9(b) without the need for discovery."); *United States v. Safran Grp., S.A.*, No. 15-CV-00746-LHK, 2017 WL 1862508, at *5 (N.D. Cal. May 9, 2017) ("Relators should be insiders with sufficient knowledge to state a claim under Rule 9(b)"), *aff'd sub nom. Hascoet ex rel. United States v. Morpho S.A.*, 770 F. App'x 808 (9th Cir. 2019); *see also E. Bay Mun. Util. Dist. v. Balfour Beatty Infrastructure, Inc.*, No. 13-CV-02032-WHO, 2013 WL 6698897, at *10 (N.D. Cal. Dec. 19, 2013) ("Further discovery is STAYED until Qui Tam Plaintiffs file a complaint that satisfies Rule 9(b)."). In a qui tam case, the relator's contention is that the relator has brought suit based on information not disclosed to the public. If the relator cannot plead fraud with the required particularity, the relator does not really know anything special and should not be entitled to pursue discovery (let alone collect a bounty approximately equal to the Government's loss).

### 2.   The Generally-Applicable Two-Part Test Also Favors a Stay of Discovery.

This Court's general standards for staying discovery also support staying discovery in this case. *Apothio, LLC v. Kern Cnty.*, No. 1:20-cv-522-JLT-CDB, 2023 WL 2655847 (E.D. Cal. March 27, 2023). Outside of the FCA context, a district court has "wide discretion" to stay discovery. *Id.*, quoting *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *see also* Fed. R. Civ. P. 26(e) (authorizing court to grant protective orders). Courts often employ a two-part test to determine whether to stay discovery when a motion to dismiss is pending. *Apothio, LLC v. Kern Cnty.*, No. 1:20-cv-522-JLT-CDB, 2023 WL 2655847, at *5 (E.D. Cal. March 27, 2023). First, the pending

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT                          -4-                          1:24-CV-00928-CDB

153282437.2 0056939-00031

motion should be "potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed." *Id.* (internal quotation marks omitted). In this analysis, courts often take a "preliminary peek" at the motion's merits. *Id.* at *6. Second, the pending motion must be suitable for decision without discovery. *Apothio*, 2023 WL 2655847, at *5.

Without restating E&B's arguments in support of its Motion to Dismiss, E&B here simply notes that its arguments based on the public disclosure bar are "potentially dispositive of the entire case," and can be decided without discovery. *See* Dkt. 40 at 6-10. E&B's Motion to Dismiss will be argued on their merits on the same day as this Motion to Stay. And since this case is assigned to this Court for all purposes, the Court, at simultaneous hearing on all the contested motions, will be well positioned to take, at least, a "peek" at how it views the merits of E&B's arguments for dismissal.

This Court has also recognized that it "should inevitably balance the harm of staying discovery with the benefit of allowing discovery to continue." *Apothio, LLC v. Kern Cnty.*, No. 1:20-CV-00522-JLT-CDB, 2023 WL 2655847, at *7 (E.D. Cal. Mar. 27, 2023). The harm of staying discovery is minimal. The Parties have consented to magistrate jurisdiction, and, as the Court states, "Civil cases participating in the program will see a speedier adjudication before the Court's talented and capable Magistrate Judges."[1] As a result, a stay pending the Court's resolution of the Motion to Dismiss is not likely to be in place for any unreasonable amount of time. Simply put, it should not take too long for the Parties to learn which of them has the better of the argument on the merits, and at that time, discovery will either be unnecessary or able to proceed after only short delay. In contrast, should no stay issue, "[p]roceeding with discovery will result in unnecessary motion practice, litigation costs, and the unnecessary consumption of judicial resources." *Apothio, LLC v. Kern Cnty.*, No. 1:20-CV-00522-JLT-CDB, 2023 WL 2655847, at *7 (E.D. Cal. Mar. 27, 2023). And, even worse, granting discovery would convey on this "investigator" relator a procedural benefit that would undermine the purpose of Rule 9(b) and the

---

[1] https://www.caed.uscourts.gov/caednew/index.cfm/news/opt-out-consent/ (last visited June 16, 2026).

FCA's purpose in limiting its benefits to insiders who can plead a particularized complaint based on their personal knowledge.

### B.     Relator's Position: Defendant Has Failed to Establish Good Cause to Stay Discovery Until August 27, 2026

Relator filed this *qui tam* action alleging that E&B obtained a $2 million federally guaranteed loan by falsely certifying that it and its affiliates had fewer than 300 employees and thus that E&B was a "small" business eligible for government assistance during the COVID-19 pandemic. The Government has recovered over $53 million in approximately thirty other similar *qui tam* actions filed by Relator. Although the Government declined to intervene in this case against E&B, that decision is no reflection on the adequacy of Relator's pleading or the merits. "Given its limited time and resources, the government cannot intervene in every FCA action nor can the government pursue every meritorious FCA claim." *United States ex rel. Ubl v. IIF Data Sols.*, 650 F.3d 445, 457 (4th Cir. 2011). When, as here, the FCA case is non-intervened, the Government receives 70–75% of the total damages recovered. 31 U.S. Code § 3730(d)(2).

This case, too, is likely to result in a significant recovery for the United States taxpayer. E&B's conduct was egregious. Its President Stephen Layton, acting in his capacity as administrator of E&B's 401(k) Plan, signed a Form 5500, filed with the Department of Labor in 2021, attesting that the Plan (which covered employees of E&B and of E&B's commonly owned affiliates) had 336 "active participants," i.e., current employees who had elected to participate in the Plan. That is well above the 300-employee limit for eligibility for the $2 million loan. And yet at nearly the same time, E&B certified to the SBA in its Second Draw loan application that it and its affiliates collectively employed just 257 people.

Layton's statement to the Department of Labor was true; E&B's statement to the SBA was not. Layton's Form 5500 statement is corroborated by other similar Forms (the Plan files one each year) and by the PPP loan applications of E&B's affiliates—adding up all their applications yields a total of *660* employees, *far* in excess of the 300-employee limit.

The inference of *scienter* (a "knowing" false statement) is strong and obvious: E&B lied to the SBA, in the Second Draw application, about the total number of persons employed by it and its

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

JOINT STATEMENT RE DISCOVERY DISAGREEMENT
153282437.2 0056939-00031

-6-

1:24-CV-00928-CDB

affiliates. E&B did so in order to obtain a $2 million loan, later forgiven, for which E&B was not eligible. E&B knew that statement was false because its own President had just signed a Form 5500 attesting that the 401(k) plan, covering E&B and its commonly-owned affiliates, had 336 active participants. At the very least, E&B was "reckless" with the truth in its loan application. 31 U.S.C. § 3729(b)(1) (defining "knowingly" to include "reckless disregard"); *United States v. Bourseau*, 531 F.3d 1159, 1168 (9th Cir. 2008) ("In defining knowingly, Congress attempted to reach what has become known as the ostrich type situation where an individual has buried his head in the sand and failed to make simple inquiries which would alert him that false claims are being submitted." (internal quotation marks and citations omitted)).

E&B now seeks to delay resolution of this litigation on the merits and its potential liability for more than $6 million in treble damages. Federal Rule of Civil Procedure 26(c) enables a district court to stay discovery "for good cause." But "[a] party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). The party seeking the stay has the burden "to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). E&B has not met that standard.

The basis for E&B's request for a stay is that it filed a motion to dismiss. But a pending motion to dismiss alone is insufficient to warrant a stay. "The Federal Rules of Civil Procedure do not provide for an automatic stay of discovery when a motion to dismiss is pending." *Goro v. Flowers Foods, Inc.*, 334 F.R.D. 275, 286 (S.D. Cal. 2018). "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Gray*, 133 F.R.D. at 40.

E&B advances two justifications for its requested stay: (1) Relator's First Amended Complaint alleges fraud, which implicates Federal Rule of Civil Procedure 9(b)'s pleading standard; and (2) E&B's Motion to Dismiss is potentially case dispositive. Neither argument carries the day.

**1.    E&B's Rule 9(b) Pleading Challenge Does Not Warrant Staying Discovery**

E&B argues a stay is appropriate because Relator's First Amended Complaint must meet the heightened pleading standard of Rule 9(b), and Relator should not be able to obtain discovery to cure deficiencies in its pleading. E&B misses the mark. Relator does not require—and has no plans to serve—discovery attempting to fill gaps in its allegations. E&B points to nothing suggesting otherwise.

To adequately plead fraud under the False Claims Act, a complaint must allege "the who, what, when, where, and how of the misconduct charged." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016). As explained in Relator's Opposition to E&B's Motion to Dismiss, Relator's pleading meets that standard. *See* ECF No. 53 at 18–22. Relator alleges that E&B (*the who*) falsely represented that it and its affiliates had 257 employees (*the what*) at the time of its Second Draw PPP loan application in 2021 (*the when*) on its SBA Form 2483-SD (*the where*) by signing the form and certifying compliance with PPP loan eligibility requirements while deliberately ignoring its affiliate relationships and the employees of those affiliates (*the how*). First Amended Compl. ¶¶ 43–47, 59–64.

Given Relator's well-pled fraud allegations, E&B's cases do not counsel a stay. E&B cites *United States ex rel. Williams v. Med. Support Los Angeles, Inc.*, 2021 WL 4816607, at *1 (C.D. Cal. May 7, 2021), where the court noted "a plaintiff should not be able to use an inadequate complaint to get a foot in the door and discover unknown wrongs." That is not the circumstance here. Relator specifically alleges a fraudulently obtained loan, and Relator does not require discovery to "discover unknown wrongs." In *United States ex rel. Modglin v. DJO Glob. Inc.*, 2014 WL 12564275, at *3 (C.D. Cal. Feb. 20, 2014), the court granted a stay because the relators' briefs did not address whether relators "have pled their allegations with sufficient specificity under Rule 9(b)." By contrast, Relator alleges a specific fraudulent scheme and explains, in its opposition to E&B's Motion to Dismiss, why its pleading meets the Rule 9(b) standard. *See* Dkt. 53 at 18–22. Finally, in *United States v. Dynamic Med. Sys., LLC*, 2020 WL 3035219, at *5 (E.D. Cal. June 5, 2020), the magistrate judge declined "to wade into the merits of the motions to dismiss pending before the District Judge" and granted a discovery stay. But here both E&B's Motion to Dismiss and Motion to Stay are pending before the Court, and the Court

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

JOINT STATEMENT RE DISCOVERY DISAGREEMENT
153282437.2 0056939-00031

-8-

1:24-CV-00928-CDB

can determine with a preliminary look at the merits that this is not a case in which Relator is fishing for discovery to bolster its fraud allegations.[2]

There is no rule that discovery is stayed while a motion to dismiss is pending. The fact that a complaint alleges fraud or a violation of the False Claims Act does not change that outcome. E&B's request for a stay insinuates that Relator is trying to use discovery to fill gaps in a deficient pleading. That's wrong. Relator intends to move this case along for a "just, speedy, and inexpensive determination" on the merits. Fed. R. Civ. P. 1. E&B offers no specifics to substantiate that proceeding with discovery will do anything but achieve that outcome.

### 2. E&B's Pending Motion to Dismiss Does Not Warrant Staying Discovery

E&B argues that the "generally applicable" standard for staying discovery further supports a stay in this case. E&B points out that it has moved to dismiss Relator's pleading based on the public disclosure bar, and this motion is "potentially dispositive" and "can be decided without discovery." As Relator explained in its Opposition to the E&B's Motion to Dismiss, E&B has not carried its burden on the public disclosure bar affirmative defense. Dkt. 53 at 5–17. And E&B does not cite a single case granting a stay of discovery simply because a defendant filed a motion to dismiss on the public disclosure bar. In its principal authority, the court granted a stay because the state defendants' "advanced a sufficient qualified immunity defense" and relied on multiple qualified immunity cases reaching the same outcome. *Apothio, LLC v. Kern Cnty.*, 2023 WL 2655847, at *7 (E.D. Cal. Mar. 27, 2023). That case says nothing about the applicability of a stay in this litigation.

Of course, every motion to dismiss is potentially dispositive and can be decided without discovery. But if that were sufficient to warrant a stay, then the Federal Rules "would contain a provision to that effect." *See Gray*, 133 F.R.D. at 40. They do not, which means a party seeking a stay must do more than assert its motion to dismiss is meritorious. E&B has not done so.

---

[2] E&B also cites *Bly-Magee v. California*, 236 F.3d 1014 (9th Cir. 2001), *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047 (9th Cir. 2011), *United States v. Safran Grp., S.A.*, 2018 WL 11436322, at *2 (N.D. Cal. Sept. 14, 2018), and *United States v. Safran Grp., S.A.*, 2017 WL 1862508, at *5 (N.D. Cal. May 9, 2017). These cases are inapposite because none considered the proprietary of a discovery stay. And in *E. Bay Mun. Util. Dist. v. Balfour Beatty Infrastructure, Inc.*, 2013 WL 6698897, at *10 (N.D. Cal. Dec. 19, 2013), the relators had "received discovery" that should have been "more than adequate to allow them to file a complaint," and the court only granted a stay for additional discovery until relator filed its amended pleading.

**3. E&B's Has Not Shown Discovery Will Impose Harm or Prejudice**

E&B also justifies its request for a stay on the basis that "[t]he harm of staying discovery is minimal." E&B has it backwards. The party seeking to stay discovery has the burden "to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera*, 364 F.3d at 1063. E&B does not explain how engaging in discovery in the seven weeks before the August 27, 2026 Scheduling Conference will impose harm or prejudice.

There is no reason to delay the parties' exchange of initial disclosures, requests for production, and interrogatories. These are routine aspects of litigation and "litigation expenses alone do not amount to prejudice." *Verdandi VII, Inc. v. Accelerant Specialty Ins. Co.*, 2024 WL 239093, at *7 (S.D. Cal. Jan. 22, 2024). E&B offers no explanation how routine discovery practice imposes any harm or prejudice outside the ordinary costs of litigation.

**IV.    CONCLUSION**

Based on the above, the parties respectfully request that the Court issue an order deciding E&B's Motion to Stay Discovery.

DATED:  June 22, 2026                                       STOEL RIVES LLP


                                                           */s/ Jacob C. Goldberg*
                                                           MATTHEW D. SEGAL, Bar No. 190938
                                                           JACOB C. GOLDBERG, Bar No. 310862

                                                           *Attorneys for Defendant*
                                                           E&B NATURAL RESOURCES
                                                           MANAGEMENT CORPORATION


 DATED:  June 22, 2026                                      SUSMAN GODFREY L.L.P.


                                                           */s/ Amy B. Gregory*
                                                           OLEG ELKHUNOVICH, Bar No. 269238
                                                           STEVEN SHACKELFORD, JR.
                                                           STEVEN M. SHEPARD (*Pro Hac Vice*)
                                                           AMY B. GREGORY (*Pro Hac Vice*)
                                                           SHAULI BAR-ON, Bar No. 356650

                                                           *Attorneys for Plaintiff Relator*
                                                           RELATOR VERITY INVESTIGATIONS

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT                                  -10-                        1:24-CV-00928-CDB
153282437.2 0056939-00031